UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALEXIS WADE, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ELEMIS USA, INC.<br><br>Defendant. | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT BY DEFENDANT ELEMIS USA, INC.**<br><br>Removed From King County Superior Court (Case No.: 26-2-01846-4 SEA)<br><br>**Clerk's Action Required** |

**To:** Clerk, United States District Court for the Western District of Washington

**And To:** Plaintiff, Alexis Wade and her Attorneys of Record

**PLEASE TAKE NOTICE** that Defendant Elemis USA, Inc. ("Elemis"), by and through counsel, hereby removes Case No. 26-2-01846-4, commenced in the Superior Court of the State of Washington for King County, to the United States District Court for the Western District of Washington (Seattle Division), under 28 U.S.C. §§ 1332, 1441, 1446, and 1453 because (1) complete diversity exists between the parties, and (2) the Court has original



K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

jurisdiction under the Class Action Fairness Act ("CAFA").[1] Should the Court's jurisdiction be challenged, Elemis will provide additional evidence to support the allegations in this pleading.

## I. PROCEDURAL BACKGROUND

1. On or about July 2, 2025, plaintiff Alexis Wade ("Plaintiff") filed a putative class action complaint against Elemis captioned *Wade v. Elemis USA, Inc.* A true copy of the operative complaint is attached as **Exhibit A** ("Complaint").

2. On January 13, 2026, Elemis was served with the Summons and Complaint, which invoke the jurisdiction of the King County Superior Court.

3. Plaintiff alleges that Elemis violated Washington's Commercial Electronic Mail Act ("CEMA") and the Consumer Protection Act ("CPA") by sending marketing emails to Washington consumers with false and misleading information in the subject lines. Compl. ¶¶ 3–7, 40–44. Plaintiff seeks statutory and exemplary damages, injunctive relief, and attorneys' fees and costs. *Id.* ¶¶ 7, 120, 130.

4. Plaintiff alleges that she is a resident of Washington. Compl. ¶ 10. Plaintiff brings this case as a proposed class action (*Id.* ¶¶ 103–113), seeking certification of the putative class under Washington Superior Court Civil Rule ("CR") 23 (*Id.* ¶ 103). Washington courts have long held that CR 23 and its federal counterpart are "substantially similar." *See, e.g.*, *Summers v. Sea Mar Cmty. Health Ctrs.*, 29 Wash. App. 2d. 476, 487 (2024). Therefore, this action is a proposed "class action" under 28 U.S.C. § 1332(d)(1)(B), defined as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or

[1] Elemis expressly preserves all objections under Federal Rule of Civil Procedure Rule 12(b). *See* 5C *Wright and Miller's Federal Practice & Procedure* § 1395 (3d ed. 2025) ("When a defendant removes an action from a state court in which he has been sued, he consents to nothing and 'waives' nothing; he is exercising a privilege unconditionally conferred by statute, and, since the district court to which he must remove it is fixed by law, he has no choice, without which there can be no 'waiver.'") (quoting *Greenburg v. Gianni*, 140 F.2d 550, 553 (2d Cir. 1944)).



K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

similar State statute or rule of judicial procedure authorizing an action to be brought by [one] or more representative persons as a class action."

## II. REMOVAL IS TIMELY

5. Plaintiff served Elemis on January 13, 2026. Thirty days from service of the Summons and Complaint falls on Thursday, February 12, 2026. This Notice of Removal is timely as it is filed and served within thirty (30) days of Elemis' receipt of the Summons and Complaint. *See* U.S.C. §§ 1446(b) and 1453; Fed. R. Civ. P. 6(a).

6. No previous Notice of Removal has been filed with this Court for the relief sought herein.

## III. VENUE

7. King County Superior Court lies within the Western District of Washington. 28 U.S.C. § 128. Accordingly, removal to this district is proper. *See* 28 U.S.C. §§ 1441(a) and 1446(a). The Seattle Division is the proper division for this matter, as it is being removed from King County. *See* LCR 3(e)(1).

## IV. DIVERSITY JURISDICTION

8. This is a civil action over which this Court has jurisdiction under 28 U.S.C. § 1332 because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000 for Plaintiff, exclusive of interest and costs.

9. "An individual is a citizen of the state in which he is domiciled . . . ." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). Domicile is determined by "an individual's 1) residence in a state, and 2) his intent to remain indefinitely." *Boon*, 229 F. Supp. 2d at



K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1019. Evidence of continuing residence creates a presumption of domicile. *Washington v. Hovensa LLC*, 652 F.3d 340, 345 (3d Cir. 2011); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994).

10. Plaintiff alleges she resides in King County, Washington. Compl. ¶ 10. Accordingly, Plaintiff was and is domiciled in Washington and is a citizen of the State of Washington for purposes of removal.

11. For purposes of establishing diversity jurisdiction, a corporation is deemed to be a citizen of any state in which it has been incorporated and of the state where it has its principal place business. 28 U.S.C. § 1332(c)(1). The "principal place of business" for the purpose of determining diversity subject matter jurisdiction refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities . . . . [I]n practice it should normally be the place where the corporation maintains its headquarters–provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).

12. Elemis is incorporated in the State of Florida, with its principal place of business in the State of New York, where its officers direct, control, and coordinate corporate activities. *See* Compl. ¶ 11. Elemis is not and has never been organized under the laws of the State of Washington, nor are its headquarters, executive offices, or officers based in Washington.

13. There is complete diversity under 28 U.S.C. §§ 1332(a) and 1441(b) because this is a civil action between citizens of different states.

14. The amount in controversy requirement is also satisfied because the Complaint seeks an amount in excess of $75,000. Here, Plaintiff requests (1) the greater of



K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Plaintiff's actual damages or liquidated damages of $500 per violation[2] for each alleged violation of CEMA under RCW 19.190.020(1)(b); (2) treble damages under RCW 19.86.090; and (3) costs and attorneys' fees in connection with this litigation, under RCW 19.86.090. Compl. ¶¶ 120, 130.

15. A removing party need only show, "by a preponderance of the evidence[,] that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). "The amount in controversy may include 'damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes.'" *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018) (citing *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016)). Attorney's fees are properly included in determining the amount in controversy. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007); *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 788 (9th Cir. 2018) ("[I]f a plaintiff would be entitled under a contract or statute to future attorneys' fees, such fees are at stake in the litigation and should be included in the amount in controversy.").

16. According to Plaintiff, her damages are based on "the number of false or misleading emails received," *i.e.*, an injury occurs each time she received an email containing false or misleading information in the subject line. Compl. ¶ 112.

17. Plaintiff alleges that Elemis "regularly" used a "misleading marketing strategy" that "pelted consumers" and "stuff[ed] consumer inboxes with misinformation." Compl. ¶¶ 42, 44, 57, 69. Plaintiff alleges that this "deceptive routine" was used "repeatedly, for years…," describing: a "pattern" in 2022 that "mask[ed] various promotions in

---

[2] Elemis disputes that Plaintiff can seek statutory damages under the terms of CEMA and the Consumer Protection Act. Nevertheless, because this is a disputed issue, Plaintiff's claims for statutory damages are appropriately included within the amount in controversy.



K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

deception"; marketing emails in 2023 and 2024 "at a rate averaging roughly 2 per day," with "[m]isleading subject lines [] continu[ing] to make up a significant proportion of Elemis's marketing emails . . ….,"; and "the present year [2025] [seeing] much of the same . . . ." *Id.* ¶¶ 64, 66–67, 73–75, 81, 90. Plaintiff alleges she received "a number of the email promotions described" in the Complaint, which purportedly identifies as least 58 distinct emails in its Exhibit A. *Id.* ¶¶ 88, 100.

18. According to Plaintiff, Elemis sent approximately 730 marketing emails each year from 2022 through 2025. Compl. ¶¶ 45, 75, 90. This would total 2,920 emails, a "significant proportion" of which she alleges contained misleading subject lines. *Id.* ¶ 73. At $500 per email (*Id.* ¶ 130), if Plaintiff were to seek statutory damages for even 150 emails (which is just over five percent of the marketing emails Plaintiff alleges Elemis sent), that alone would reach the $75,000 threshold before accounting for treble damages, actual damages, injunctive relief, and attorney's fees and costs. Thus, the Complaint puts at issue statutory damages exceeding the $75,000 threshold for the amount in controversy.

19. In addition, Plaintiff seeks treble damages (which are capped at $25,000), and attorney's fees under RCW 19.86.090. *See* Compl. ¶ 130. Thus, the $75,000 threshold is also met even if Plaintiff only seeks statutory damages for the 58 purported emails the Complaint identifies (a limit to which she has not committed). If Plaintiff sought $500 per email for 58 emails, plus $25,000 in treble damages, that would bring her total alleged statutory and treble damages to $54,000. At an estimated blended hourly rate of $375, Plaintiff's counsel would only need to incur 56 hours of attorney time (not even accounting for any other fees and costs) to push the total amount in controversy above $75,000. It is readily apparent that Plaintiff's counsel's fees will exceed that amount over the course of this litigation. Because the CPA authorizes an award of attorney's fees, RCW 19.86.090, those fees must be taken into account in determining the amount in controversy for purposes of removal. *See, e.g., Fritsch*, 899



K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

F.3d at 794 ("We conclude . . . that a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met.").

20. For the foregoing reasons, the amount in controversy requirement is easily satisfied because Plaintiff's alleged statutory damages, treble damages, and attorneys' fees place more than $75,000 in controversy.

21. Based on the foregoing, this Court has jurisdiction over this matter under 28 U.S.C. § 1332, and this action is properly removed to this Court.

## V. ORIGINAL JURISDICTION UNDER CAFA

22. Elemis also removes this action under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453, on the basis that (a) this action is a proposed "class action" as defined in 28 U.S.C. § 1332(d)(1)(B); (b) at least one member of the proposed class is a citizen of a state different than Elemis; (c) the number of members of the proposed class is not less than 100; and (d) the aggregate amount in controversy exceeds $5,000,000, exclusive of interests and costs.

23. This action is a putative class action.[3] Elemis denies Plaintiff's factual allegations and that she or the class she purports to represent is entitled to the relief requested in the Complaint. Nevertheless, based on Plaintiff's allegations in the Complaint and Prayer for Relief, all requirements for jurisdiction under CAFA have been met in this case.

### A. <u>Diversity of Citizenship Exists</u>

24. Under 28 U.S.C. § 1332(d)(2)(A), a district court may assert jurisdiction over a class action in which "any member of a class of plaintiffs is a citizen of a State different from any defendant." Such minimal diversity exists among the parties here.

---

[3] Elemis denies that class certification is appropriate and reserves the right to contest class certification at the appropriate time.



K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

25. Plaintiff, a resident of Washington, seeks to represent a class that comprises: "All Washington citizens holding an email address to which Defendant sent or caused to be sent any email listed in Exhibit A during the Class Period." Compl. ¶ 103.

26. As stated above, Elemis is a citizen of the States of Florida and New York for purposes of diversity of citizenship. *See* Compl. ¶ 13.

27. Accordingly, complete diversity exists between (i) Plaintiff, who is a Washington citizen, and the putative class she seeks to represent, and (ii) Elemis, who is a Florida and New York citizen, thereby satisfying the requirement of minimal diversity under 28 U.S.C. § 1332(d)(2)(A).

**B. The Putative Class Numbers Not Less than 100**

28. The number of members of the class that Plaintiff proposes is not less than 100 persons. *See* 28 U.S.C. § 1332(d)(5)(B). Plaintiff alleges that "the Class is estimated to minimally contain thousands of members." Compl. ¶ 107.

**C. The Amount in Controversy Is Over $5,000,000[4]**

29. "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). This is an "action in which the matter in controversy exceeds the sum or value of $5,000,000." 28 U.S.C. § 1332(d)(2).

---

[4] This Notice of Removal addresses the nature and amount of damages that the Complaint places in controversy. Elemis refers to specific damages estimates and cites to comparable cases solely to establish that the amount in controversy exceeds the jurisdictional minimum. Elemis maintains that each of Plaintiff's claims lack merit and that Elemis is not liable to Plaintiff or any putative class member in any amount whatsoever. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Elemis'] liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).



K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

30. Where, as here, a complaint fails to state an amount in controversy, "the defendant's notice of removal may do so," and the defendant need only submit a short and plain statement that "need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014); *see also,* LCR 101(a). That statement "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89. If "the defendant's assertion of the amount in controversy is challenged by plaintiffs in a motion to remand, the Supreme Court has said that both sides submit proof and the court then decides where the preponderance lies." *Ibarra v. Manheim Invs., Inc.,* 775 F.3d 1193, 1198 (9th Cir. 2015).

31. The ultimate inquiry is what amount the complaint places "in controversy," not what a defendant may actually owe in damages. *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015) (citation omitted) (explaining that courts are directed "to first look to the complaint in determining the amount in controversy"); *see also Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 993 ("At that stage of the litigation, the defendant is being asked to use the plaintiff's complaint—much of which it presumably disagrees with—to estimate an amount in controversy. This is also at a stage of the litigation before any of the disputes over key facts have been resolved."). The burden to establish the jurisdictional amount under CAFA "is not 'daunting,' as courts recognize that under this standard, a removing defendant is *not* obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204–05 (E.D. Cal. 2008) (citation omitted); *see also LaCross*, 775 F.3d at 1203 (rejecting plaintiff's argument for remand based on the contention that the class may not be able to prove all amounts claimed; "Plaintiffs are conflating the amount in controversy with the amount of damages ultimately recoverable."); *Ibarra,* 775 F.3d at 1198 n.1 (noting that, in alleging the amount in



K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

controversy, defendants "are not stipulating to damages suffered, but only estimating the damages that are in controversy").

32. The allegations in the removing defendant's notice of removal "may rely on 'a chain of reasoning that includes assumptions' and 'an assumption may be reasonable if it is founded on the allegations of the complaint.'" *Marano v. Liberty Mut. Grp., Inc.*, 2021 WL 129930, at *2 (C.D. Cal. Jan. 14, 2021) (quoting *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019)). Moreover, Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief or declaratory relief)." S. Rep. No. 109-14, at 42 (2005). As the United States Supreme Court has advised, "no antiremoval presumption attends [a] case[] invoking CAFA" because Congress intended "to facilitate adjudication of certain class actions in federal court." *Dart Cherokee*, 574 U.S. at 89.

33. In assessing the amount in controversy, a court must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Campbell v. Vitran Exp., Inc.*, 471 F. App'x. 646, 648 (9th Cir. 2012) (citing *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)). When the complaint is "lacking in factual allegations," a defendant seeking removal is particularly "justified in employing reasonable estimates" to establish the amount in controversy. *Ritenour v. Carrington Mortg. Servs., LLC*, 228 F. Supp. 3d 1025, 1029 (C.D. Cal. 2017); *see also Muniz v. Pilot Travel Ctrs. LLC*, No. CIV. S-07-0325FCDEFB, 2007 WL 1302504, at *4 (E.D. Cal. May 1, 2007) (denying remand where defendant applied reasonable assumptions to complaint that had no fact-specific allegations because a plaintiff seeking to avoid removal "could have alleged facts



K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

specific to her claims which would narrow the scope of the putative class or the damages sought").

34. While Elemis denies Plaintiff's factual allegations and denies that she or the putative class she seeks to represent are entitled to any of the relief for which Plaintiff has prayed, it is clear that the allegations within the Complaint put more than $5,000,000 into controversy when aggregating the claims of the putative class members as set forth in 28 U.S.C. § 1332(d)(6).

35. Plaintiff seeks "the greater of Plaintiff's actual damages or liquidated damages of $500 per violation, trebled; and costs of the suit, including a reasonable attorney's fee." Compl. ¶ 130. Plaintiff also seeks "all available relief, including an injunction against further violations." *Id.* ¶ 120. The Court may consider these types of alleged damages, aggregated on a class-wide basis, when conducting the amount in controversy calculation. *See Chabner v. United of Omaha Life Ins. Co*., 225 F.3d 1042, 1046 n.3 (9th Cir. 2000) (injunctive relief and state law claims authorizing attorneys' fees may be taken into account when determining the amount in controversy for federal diversity jurisdiction).

36. Plaintiff alleges that Elemis is "engaged in persistent marketing through mass email campaigns across the United States" and that "the sheer volume of email marketing that Elemis engages in put it on notice that Washington residents would receive its emails." Compl. ¶¶ 89–90. As described above, Plaintiff further alleges a years-long pattern of marketing emails "at a rate averaging roughly 2 per day," a "significant proportion" of which contained misleading subject lines. *Id.*¶¶ 73, 90. Plaintiff alleges that the putative class "minimally contain[s] thousands of members." *Id* ¶ 107.

37. Without conceding any purported liability, based on reasonable assumptions and Plaintiff's allegations that Elemis sent at least fifty-eight (58) emails at issue to "thousands" of putative class members, and with $500 in alleged minimum damages per



K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

email, the amount in controversy exceeds $5,000,000, especially when accounting for Plaintiff's requested attorneys' fees, treble damages, and injunctive relief. Accordingly, the alleged aggregated damages, fees, and costs Plaintiff seeks surpass CAFA's $5,000,000 amount in controversy requirement.

38. Plaintiff's request for attorneys' fees under RCW 19.86.090 adds significantly to the amount in controversy. Comp. ¶ 130. Attorneys' fees are properly included in determining the amount in controversy. *See Guglielmino*, 506 F.3d at 700; *Fritsch*, 899 F.3d at 794; *Dawsey v. Travelers Indem. Co.*, No. 3:15-cv-05188-RBL, 2015 WL 4394545, at *3 (W.D. Wash. July 16, 2015) (allowing attorneys' fees of 25% of compensatory damages to be included in CAFA amount in controversy calculation). "A defendant does 'not need to prove to a legal certainty' that a plaintiff will be awarded the proffered attorneys' fees in the removal notice." *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 774 n.4 (9th Cir. 2020) (quoting *Dart Cherokee*, 574 U.S. at 88) (citing H.R. Rep. No. 112-10, at 16 (2011).

39. For purposes of removal, the Ninth Circuit has held that future fee estimates can be based on "customary rates" and "proper fees, and that "a percentage-based method," such as 25% of the amount in controversy, may also be relevant when estimating the amount of fees included in the amount in controversy. *Fritsch*, 899 F.3d at 795, 796 n. 6 (citations omitted). Courts have used the 25% benchmark to calculate potential fees for purposes of the CAFA amount in controversy. *See, e.g., Dawsey*, 2015 WL 4394545, at *23 (adding that 25% of the estimated common fund value is "a benchmark award for attorney's fees"); *Berry v. Transdev Services, Inc.*, No. C15-1299RAJ, 2016 WL 11261499, at *4 (W.D. Wash. Jan. 11, 2016) ("Courts also recognize that two possible benchmarks for estimating such attorneys' fees: an estimate under a lodestar calculation or using a 25% common fund benchmark."). Courts therefore include a potential 25% fee award in the CAFA amount in controversy.



K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

**D. Removal is Proper**

40. Under 28 U.S.C. § 1453, a suit over which a district court would have original jurisdiction under CAFA may be removed to federal court from state court, as provided by 28 U.S.C. §§ 1441(a) and 1446(a). Because this Court could have asserted original jurisdiction over this case, Elemis is entitled to remove the present action to the Court.

## VI. NOTICE

41. Under 28 U.S.C. § 1446, written notice of the filing of this Notice of Removal and the removal of the state court action will be served on Plaintiff through her counsel of record. A copy of this Notice of Removal is being filed promptly with the Clerk of the King County Superior Court, as required by 28 U.S.C. § 1446(d).

## VII. CONCLUSION

42. The removal of this action terminates all proceedings in the Superior Court. *See* 28 U.S.C. § 1446(d).

43. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Elemis' right to assert any defense. Elemis reserves the right to assert all applicable claims and defenses in response to the Complaint.

**LCR 101(b) Requirements Are Met**

44. In accordance with LCR 101(b), Elemis has filed contemporaneously with this Notice of Removal a copy of the operative Complaint, which is separately attached as **Exhibit A**. A certificate of service which lists all counsel who have appeared in the action with their contact information, including email addresses, is attached as **Exhibit B**. A true copy of the Jury Demand filed in King County Superior Court Case No. 26-2-01846-4 on January 12, 2026, is attached as **Exhibit C**. A Civil Cover Sheet is attached as **Exhibit D**. A true copy of all documents filed in King County Superior Court Case No. 26-2-01846-4 subsequent to the Complaint, together with a verification of counsel, are attached as **Exhibit E**.



K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

WHEREFORE, the above-entitled action is removed from the King County Superior Court to the United States District Court for the Western District of Washington, Seattle Division.

DATED February 12, 2026.

**K&L GATES LLP**

By: s/ Peter A. Talevich
Peter A. Talevich, WSBA #42644

By: s/ Abraham M. Weill
Abraham M. Weill, WSBA #58663

925 Fourth Ave., Suite 2900
Seattle, WA 98104-1158
Telephone: (206) 623-7580
Email: peter.talevich@klgates.com
abe.weill@klgates.com

Ronie M. Schmelz, *Pro Hac Vice* Forthcoming
Avril G. Love, *Pro Hac Vice* Forthcoming
10100 Santa Monica Blvd., Eighth Floor
Los Angeles, CA 90067
Telephone: (310) 552-5000
Email: ronie.schmelz@klgates.com
avril.love@klgates.com

*Attorneys for Defendant Elemis USA, Inc.*

**CERTIFICATE OF SERVICE**

I, Suzanne Petersen, declare as follows:

I certify that on February 12, 2026, I arranged for electronic filing of the foregoing document with the Clerk of the Court using the CM/ECF system. Copies of the foregoing document were sent for service on the following persons via Email:

Samuel J. Strauss, WSBA #46971
Raina C. Borrelli
STRAUSS BORRELLI PLLC
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611
Telephone: (872) 263-1100
Email: sam@straussborrelli.com
raina@straussborrelli.com

Lynn A. Toops
Natalie A. Lyons
Ian R. Bensberg
COHENMALAND, LLC
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Telephone: (317) 636-6481
Email: ltoops@cohenmalad.com
nyons@cohenmalad.com
ibensberg@cohenmalad.com

Gerard J. Stranch, IV
Michael C. Tackeff
Andrew K. Murray
STRANCH, JENNINGS & GARVEY, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Telephone: (615) 254-8801
Email: gstranch@stranchlaw.com
mtackeff@stranchlaw.com
amurray@stranchlaw.com

*Attorneys for Plaintiff*

DATED February 12, 2026 in Seattle, Washington.

s/ Suzanne Petersen
Suzanne Petersen
Legal Assistant



K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022