HONORABLE KYMBERLY K. EVANSON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALEXIS WADE, on behalf of herself and all others similarly situated,

Plaintiff,

v.

ELEMIS USA, INC.

Defendant.

Case No. 2:26-cv-00515-KKE

**DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, STRIKE CERTAIN ALLEGATIONS OF PLAINTIFF'S COMPLAINT**

NOTE ON MOTION CALENDAR: April 24, 2026

ORAL ARGUMENT REQUESTED

DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, STRIKE CERTAIN ALLEGATIONS OF PLAINTIFF'S COMPLAINT - 1
1608412838.1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

## I.    **INTRODUCTION**

Defendant Elemis USA, Inc. ("Elemis" or "Defendant") hereby moves to dismiss, without leave to amend, Plaintiff Alexis Wade's ("Plaintiff") Complaint for lack of personal jurisdiction and, in the alternative, to strike paragraphs 103-113 thereof certain portions of Exhibit A and all other portions of the Complaint purporting to make allegations on behalf of a putative class.

As a threshold issue, Plaintiff fails to allege facts adequate to establish personal jurisdiction over Defendant in the state of Washington. As Plaintiff alleges, Defendant is neither incorporated nor has its principal place of business in this state. *See* Compl. ¶ 11. Plaintiff fails to allege any other facts that would establish either general or specific personal jurisdiction over Defendant. Plaintiff also fails to allege that Defendant is "at home" in Washington or that it has specifically targeted or otherwise purposefully availed itself of the laws of Washington. This Court must therefore dismiss the Complaint without leave to amend for failure to establish personal jurisdiction.

In the alternative, the putative class allegations in Plaintiff's Complaint must be struck for failure to comply with Rule 23's commonality requirement. As a threshold matter, the Dormant Commerce Clause compels a construction of the Commercial Electronic Mail Act ("CEMA") whereby its prohibitions only apply to conduct occurring within Washington, *i.e.*, emails sent to a Washington resident while they are in Washington. As such, any class-wide inquiry into the applicability of CEMA as to a particular email recipient would require proof that when the email was sent the recipient was both (1) a Washington resident and (2) within the state of Washington. This type of individualized inquiry would have to be conducted for *every* email in question, thus requiring potentially dozens of individualized inquiries for every putative class member.

Second, even if the Dormant Commerce Clause does not compel such a construction of CEMA, the plain language of CEMA still requires that Plaintiff prove the recipient was a

DEFENDANT'S MOTION TO DISMISS OR, IN THE
ALTERNATIVE, STRIKE CERTAIN ALLEGATIONS OF
PLAINTIFF'S COMPLAINT - 2
1608412838.1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Washington resident when the email in question was transmitted. Thus, even under this view of CEMA, an individualized inquiry would be required to ascertain (1) whether the email-holder was *ever* a Washington resident, (2) exactly when each email-holder began or ceased to be a Washington resident, (3) whether the email address was held jointly with another individual residing outside of the state of Washington, and (4) whether the email-holder ever suspended or deactivated their email account or otherwise ceased to "hold" the at-issue email account.

Finally, in addition to the foregoing issues, the Court should strike from Exhibit A all references to emails *except* the three particular emails Plaintiff alleges having received, as she lacks standing to assert claims regarding emails she did not receive.

## II.    BACKGROUND

Defendant is a British skincare brand that markets cosmetic products to American consumers through Defendant's website and partnerships with various third-party retailers. Declaration of Stephanie Vanegas ("Vanegas Decl.") filed concurrently herewith, ¶¶ 3, 6. Defendant is incorporated in Florida and headquartered in New York. *Id.* Defendant's marketing functions, including its email marketing campaigns, are conducted from its New York office. *Id.,* ¶¶ 3, 4. Elemis does not have, and has never had, any brick-and-mortar stores or offices in Washington. *Id.,* ¶ 6.¶

During the period at issue, Elemis sent marketing emails about a myriad of subjects, such as new products, seasonal product promotions, and sales to consumers who signed up to receive email marketing. *Id.,* ¶ 7. When consumers sign up to receive email marketing, Elemis does not ask them to provide a postal address. *Id.,* ¶ 8. Rather, consumers need only provide their email address, although they may optionally also provide their name and telephone number. *Id.* Elemis' email marketing campaigns are not targeted to email recipients based on their geographic location or state of residence. *Id.,* ¶ 9.

Plaintiff signed up to receive marketing emails from Elemis in August 2025. *Id.,* ¶ 10. Elemis has no record of Plaintiff's telephone number or address. *Id.* Nor does Elemis have any

DEFENDANT'S MOTION TO DISMISS OR, IN THE
ALTERNATIVE, STRIKE CERTAIN ALLEGATIONS OF
PLAINTIFF'S COMPLAINT - 3
1608412838.1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

record of Plaintiff ever having made a purchase from Elemis' website. *Id.* Until the filing of this case, Elemis had no information about Plaintiff's residency. *Id.,* ¶ 11.

### III.    APPLICABLE LEGAL STANDARDS

#### A.  Motions to Dismiss for Lack of Personal Jurisdiction

A defendant may respond to a complaint by moving to dismiss for lack of personal jurisdiction.  Fed. R. Civ. P. 12(b)(2). "Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). "Unless there has been an evidentiary hearing, the plaintiff's pleadings and affidavits must 'make a prima facie showing of personal jurisdiction.'" *HDT Bio Corp. v. Emcure Pharms., Ltd.*, 704 F. Supp. 3d 1175, 1184 (W.D. Wash. 2023) (quoting *Schwarzenegger,* 374 F.3d at 800).

#### B.  Motions to Strike

Rule 12(f) empowers courts to strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Likewise, Rule 23 makes clear that a motion to strike is an appropriate tool to dispose of class allegations at the pleading stage. Under Rule 23(c), "the court must—[a]t an early practicable time—determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(A). Although courts "have expressed skepticism about motions to strike class allegations or deny class certification brought during the pleading stage," a motion to strike certain types of class allegations is appropriate when "plaintiff 'fail[s] to make even a prima facie showing of Rule 23's prerequisites ….'" *See Bund v. Safeguard Props., LLC*, No. C15-1773 MJP, 2016 WL 11530734, at *2 (W.D. Wash. Mar. 2, 2016) (quoting *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977)). More specifically, "[a]bsent a prima facie showing that the class action requirements are satisfied or a showing that discovery is likely to produce substantiation of the class allegations, district courts do not abuse their discretion by refusing to allow class

DEFENDANT'S MOTION TO DISMISS OR, IN THE
ALTERNATIVE, STRIKE CERTAIN ALLEGATIONS OF
PLAINTIFF'S COMPLAINT - 4
1608412838.1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

discovery" and thus striking class allegations at the pleading stage. *See id*.

<h3 style="text-align:center">IV.    <u>ARGUMENT</u></h3>

**A.  This Court lacks personal jurisdiction over Defendant.**

Plaintiff's Complaint must be dismissed for failure to establish that this Court has personal jurisdictional over Defendant. Plaintiff's Complaint is devoid of facts sufficient to support ***either*** general or specific jurisdiction. Plaintiff has thus failed to meet her burden. As a threshold procedural issue, "Washington's long-arm statute extends the court's personal jurisdiction to the broadest reach that the United States Constitution permits," and "the jurisdictional analysis under state law and federal due process are the same." *Microsoft Corp. v. Commc'ns & Data Sys. Consultants, Inc.*, 127 F. Supp. 3d 1107, 1113 (W.D. Wash. 2015). As such, the issues of personal jurisdiction can be disposed of under applicable federal law.

<em>a.    <u>This Court lacks general jurisdiction over Defendant.</u></em>

This Court lacks general jurisdiction over Defendant because Defendant is neither incorporated nor has its principal place of business in the state of Washington. "There are two types of personal jurisdiction: general and specific." *HDT Bio Corp.*, 704 F. Supp. 3d at 1184 (citing *Bristol-Myers Squibb Co. v. Superior Ct.*, 582 U.S. 255, 262 (2017)). General jurisdiction "enables a court to hear cases unrelated to the defendant's forum activities ... if the defendant has 'substantial' or 'continuous and systematic' contacts with the forum." *Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir. 1986) (quoting *Haisten v. Grass Valley Med. Reimbursement Fund, Ltd.*, 784 F.2d 1392, 1396 (9th Cir. 1986)). General jurisdiction over a corporation exists where its "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Daimler*, 571 U.S. at 127. The textbook examples of forums in which a corporation will be considered "at home" and thus subject to general jurisdiction are (1) its place of incorporation and (2) its principal place of business. *Id.* at 137. A corporation's principal place of business is generally its "nerve center," and is most often the corporate headquarters, or where the corporation's officers direct, control, and

DEFENDANT'S MOTION TO DISMISS OR, IN THE
ALTERNATIVE, STRIKE CERTAIN ALLEGATIONS OF
PLAINTIFF'S COMPLAINT - 5
1608412838.1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

Here, Plaintiff fails to establish that any court in Washington could have **general** jurisdiction over Defendant. As Plaintiff alleges, Defendant is neither incorporated in nor has its principal place of business in this state. *See* Compl. ¶ 11; *see also* Vanegas Decl. ¶ 3. Nor does Plaintiff otherwise allege facts suggesting that Defendant's "contacts with the forum state 'are so constant and pervasive as to render it essentially at home' in the state." *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1066 (9th Cir.2014). Likewise, this is not the theoretical "exceptional case" where Defendant has such numerous other contacts with Washington so as to be deemed "at home" here, despite its headquarters and state of incorporation being elsewhere. *See Daimler*, 571 U.S. at 139, n.19. Plaintiff alleges no facts otherwise. *See generally* Compl. Thus, general jurisdiction is lacking in this matter.

> b.   <u>This Court lacks specific personal jurisdiction over Defendant.</u>

Plaintiff also cannot establish that this Court has **specific** personal jurisdiction over Defendant. Specific jurisdiction requires that the lawsuit "arise out of or relate to the defendant's contacts with the forum." *Bristol-Myers Squibb*, 582 U.S. at 262 (brackets omitted) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014)). That is, there must be "an 'affiliation between the forum and the underlying controversy.'" *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (brackets omitted).

Courts in the Ninth Circuit analyze **specific** personal jurisdiction using a three-part test: "[t]o establish specific jurisdiction, the plaintiff must show that: (1) defendant purposefully availed itself of the privilege of conducting activities in Washington, thereby invoking the benefits and protections of its laws; (2) plaintiff's claims arise out of defendant's Washington-related activities; and (3) the exercise of jurisdiction would be reasonable." *Microsoft Corp. v. Comm'ns & Data Sys. Consultants, Inc.*, 127 F. Supp. 3d 1107, 1113 (W.D. Wash. 2015) (citing *Easter v. American West Financial,* 381 F.3d 948, 960–61 (9th Cir. 2004)).

When the complained-of conduct sounds in tort, "courts generally apply a 'purposeful

DEFENDANT'S MOTION TO DISMISS OR, IN THE
ALTERNATIVE, STRIKE CERTAIN ALLEGATIONS OF
PLAINTIFF'S COMPLAINT - 6
1608412838.1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

direction' test, looking to evidence that the defendant has directed his actions at the forum state." *Microsoft Corp.*, 127 F. Supp. 3d at 1114 (citing *Schwarzenegger*, 374 F.3d at 802–03). The purposeful direction test in turn requires the defendant to have "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Davis v. Cranfield Aerospace Sols., Ltd.*, 71 F.4th 1154, 1162–63 (9th Cir. 2023); *see also Picot v. Weston*, 780 F.3d 1206, 1214 (9th Cir. 2015). Furthermore, under this test, "[f]or a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014). "But the plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Id.* at 285. Under *Walden*, "the mere knowledge that a plaintiff lives in a particular place is not enough to establish express aiming." *X Corp. v. Ctr. for Countering Digital Hate Ltd.*, 724 F. Supp. 3d 921, 941 (N.D. Cal. 2024); *see also Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1070 (9th Cir. 2017) (cleaned up) ("The [Supreme] Court made clear that we must look to the defendant's 'own contacts' with the forum, not to the defendant's knowledge of a plaintiff's connections to a forum.").

Here, Plaintiff's Complaint is devoid of facts to support any element to satisfy the test for specific personal jurisdiction. First, under either the "purposeful availment" test or the "purposeful direction" test, it is clear Defendant has neither purposefully availed itself of Washington's laws, nor purposefully directed allegedly harmful conduct into the state. The only "intentional act" that Plaintiff's Complaint could hope to identify is Elemis' offering of email marketing to send the alleged emails (*see, e.g.*, Compl. ¶ 100), but Plaintiff fails to allege how offering email marketing or sending emails at Plaintiff's request constitute acts "expressly aimed at the forum state." *Davis*, 71 F.4th at 1162–63. In fact, the emails were *not* expressly aimed at Washington state—rather, they were part of an email campaign disseminated to

DEFENDANT'S MOTION TO DISMISS OR, IN THE
ALTERNATIVE, STRIKE CERTAIN ALLEGATIONS OF
PLAINTIFF'S COMPLAINT - 7
1608412838.1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

recipients who requested email marketing, irrespective of their location. Vanegas Decl., ¶¶ 9-11.

Moreover, "the law in the Ninth Circuit is clear—phone calls, emails, and similar forms of communication with a plaintiff in the forum state simply do not qualify as purposeful activity invoking the benefits and protection of the [forum] state." *Gonzalez v. US Human Rights Network*, 512 F. Supp. 3d 944, 956 (D. Ariz. 2021) (internal quote marks omitted) (citing *Morrill v. Scott Financial Corp.*, 873 F.3d 1136, 1144 (9th Cir. 2017) ("Any links to Arizona, which included Defendants' communications with Plaintiffs by telephone and email ..., occurred only because it happened to be where Plaintiffs resided."); *see also, Axiom Foods, Inc. v. Acerchem Int'l, Inc.,* 874 F.3d 1064, 1123-24 (9th Cir. 2017) (in action arising out of contents of a newsletter sent to audience that included some California recipients, the "alleged infringement barely connected [defendant] to California residents, much less to California itself," such that purposeful contacts with the forum state were insufficient to establish personal jurisdiction); *Vines of Argentina, LLC v. BBI Argentina*, No. 2:22-CV-1619, 2025 WL 974848 (W.D. Wash. Mar. 31, 2025) (sending a mass solicitation email that reached Washington email recipients was insufficient to "show that Defendants expressly targeted [the forum]"); *HDT Bio Corp. v. Emcure Pharms., Ltd.*, 704 F. Supp. 3d 1175, 1189 (W.D. Wash. 2023) (defendant's "occasional email and phone contacts with [plaintiff] simply do not rise to purposeful direction or purposeful availment."); *Kelley v. Kirkman Grp., Inc.*, No. 3:19-CV-01068-SB, 2020 WL 4227301 at *3 (D. Or. July 23, 2020) ("Even though sending an email or text message or making a phone call is an intentional act, and even though (defendant) would have known that any harm his communications caused would be suffered by (plaintiff) in Oregon, the Court cannot conclude that (defendant) expressly aimed his communications at Oregon, as opposed to at (plaintiff) who happened to be in Oregon); *Domaine Serene Vineyards Winery, Inc. v. Jacob Rieger & Co., LLC*, No. 3:18-CV-01742-JR, 2019 WL 1522881, at *7 (D. Or. Mar. 20, 2019) ("the Ninth Circuit has made clear that ordinary use of the mail, telephone, or other

DEFENDANT'S MOTION TO DISMISS OR, IN THE
ALTERNATIVE, STRIKE CERTAIN ALLEGATIONS OF
PLAINTIFF'S COMPLAINT - 8
1608412838.1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

communications simply do not qualify as purposeful activity invoking the benefits and protections of the forum state."); *Moose Run, LLC v. Libric*, No. 218CV00425GMNNJK, 2019 WL 1261103 (D. Nev. Mar. 19, 2019) (in fraudulent inducement action alleging "[d]efendant initiated numerous email, text message, and phone call communications to Plaintiff's representatives" residing in the forum state, their receipt of communications there was "not enough for the express-aiming prong."). Likewise, Plaintiff's Complaint does not allege that Defendant knew the alleged harm caused would be specifically felt in the forum state. *Gonzalez*, 512 F. Supp. at 956.

More specifically, Plaintiff's Complaint does not allege that Defendant specifically targets Washington consumers, nor does her Complaint even allege Defendant knew Plaintiff was a Washington resident before allegedly sending her emails. *See generally* Compl. Nor can she (truthfully) make such an allegation: Elemis did not have any information regarding Plaintiff's address or residency until learning of the Complaint. Vanegas Decl., ¶¶ 10-11. Indeed, Plaintiff only alleges she is a resident of Washington (Compl. ¶ 10), but does not allege she was even in the state of Washington at the time she allegedly received or was sent the three emails identified in paragraph 100. Even assuming, *arguendo*, Plaintiff was in the state when she received the at-issue alleged emails, "mere injury to a forum resident is not a sufficient connection to the forum. ... The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Walden*, 571 U.S. at 291. Plaintiff also does not allege she relied on the emails in question, purchased any products from Defendant, or otherwise had any interactions with Defendant outside of the alleged emails. *See generally* Compl.

Second, for substantially similar reasons, Plaintiff fails to meet her burden to show her claims arise out of Defendant's alleged Washington-related activities. Although Plaintiff identifies a Washington statute as the alleged basis of her claims, she fails to allege any Washington-related activities by Defendant that give rise to her claims other than generalized

DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, STRIKE CERTAIN ALLEGATIONS OF PLAINTIFF'S COMPLAINT - 9
1608412838.1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

alleged harm to a citizen of Washington. Indeed, Plaintiff fails to even allege she was present in the state of Washington when she received the three emails that undergird the bases of her claims.

Lastly, even if Plaintiff could establish the first two factors of the test for personal jurisdiction, the exercise of jurisdiction here would not be reasonable. A court is entitled to decline to exercise jurisdiction over a defendant when doing so would fail to comport with traditional notions of "fair play and substantial justice"—otherwise known as the "reasonableness" requirement. *See, e.g., Burger King Corp.*, 471 U.S. at 477; *Microsoft Corp.*, 127 F. Supp. 3d at 1113. Plaintiff's only support for specific jurisdiction is the bare allegation that she—an alleged resident of Washington—received three emails from Defendant. Were that sufficient, *every court in the United States could have personal jurisdiction over any defendant that sent an email from anywhere in the world*. In the absence of anything more, a putative plaintiff could merely sign up for marketing emails from any retailer and then haul that retailer into any court in the country purely on the basis of their residence. To allow such an abuse of the rules of personal jurisdiction would effectively eliminate the personal jurisdiction requirement altogether. But beyond this, the burden on Defendant would be immense, which *Bristol-Myers Squibb* identifies as the principal consideration in the fairness inquiry. *Bristol-Myers Squibb*, 582 U.S. at 263. Here, Defendant's principal place of business and state of incorporation are both on the opposite side of the country; Defendant has no offices anywhere near the forum state, and all of the witnesses and documents in the case are far from Washington. Vanegas Decl., ¶¶ 3-5.

Accordingly, this Court should grant the Motion and dismiss Plaintiff's Complaint.

**B. The Dormant Commerce Clause dictates that CEMA only applies to Washington residents while they are in Washington.**

In the alternative, the class allegations of Plaintiff's Complaint must be struck because any interpretation of CEMA consistent with the Dormant Commerce Clause requires

DEFENDANT'S MOTION TO DISMISS OR, IN THE
ALTERNATIVE, STRIKE CERTAIN ALLEGATIONS OF
PLAINTIFF'S COMPLAINT - 10
1608412838.1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

individualized inquiries that destroy commonality.

As a threshold issue, any construction of CEMA that could be compliant with the Dormant Commerce Clause requires that it apply only to Washington residents while they are in Washington.

The Dormant Commerce Clause has three "key strands," *Flynt v. Bonta*, 131 F.4th 918, 923 (9th Cir. 2025), including (1) a non-discrimination principle, (2) an "extraterritoriality" principle, and (3) a burden balancing test under *Pike v. Bruce Church, Inc.*, 397 U.S. 137 (1970). A state-law statute is "implicitly preempt[ed]" by the Dormant Commerce Clause,  if the statute "regulate[s] commerce in a manner that is disruptive to economic activities in the nation as a whole." *Nat'l Pork Producers Council v. Ross*, 6 F.4th 1021, 1026 (9th Cir. 2021) (citation omitted), *aff'd*, 598 U.S. 356 (2023).

Although the Washington Supreme Court considered the compatibility of CEMA and the Dormant Commerce Clause over 20 years ago in very different factual circumstances, no Ninth Circuit Court of Appeals or U.S. Supreme Court case has ever opined on the issue. *State v. Heckel*, 143 Wash. 2d 824 (2001). And even the Court in *Heckel* opined that the defendant's Dormant Commerce Clause challenge in that case "mistakenly presume[d] that the Act must be construed to apply to Washington residents when they are out of state, a construction that creates a jurisdictional question not at issue in this case." *Id.* at 839.

In view of the above, in order to avoid running afoul of the Dormant Commerce Clause, CEMA must be construed to apply to Washington residents only while they are present in Washington. A construction of CEMA that would permit application to Washington residents while outside of Washington violates the extraterritoriality principle because it "directly controls commerce occurring wholly outside" of Washington. *Healy v. Beer Inst., Inc.*, 491 U.S. 324, 336 (1989). An email sent by Defendant in New York to a Washington resident present in another state while on vacation, traveling for work, away at college, or any for other reason, would be subjected to the requirements of CEMA (and the same liability) even though

DEFENDANT'S MOTION TO DISMISS OR, IN THE
ALTERNATIVE, STRIKE CERTAIN ALLEGATIONS OF
PLAINTIFF'S COMPLAINT - 11
1608412838.1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

the conduct purportedly giving rise to the claim takes place *entirely outside of Washington*.

Plaintiff alleges "Elemis may obtain location information tied to email addresses by tracking the IP addresses of devices used to open its emails, which in turn can be correlated to physical location," and "Elemis is likely able to infer the general geographic location of recipients by state based on their IP address *at the time of email open or link click.*" (Compl. ¶ 94; *see also* Compl. ¶ 92 (emphasis added). Even assuming, *arguendo*, this is true, if Defendant directed email only to IP addresses in states other than Washington, this too may run afoul of CEMA if the statute were construed as applicable to Washington residents while they are outside the state. For example, if an individual resides in Washington, but travels across state lines each day to Oregon—or even Canada—an email directed only to IP addresses outside of Washington may still run afoul of CEMA if a Washington resident opens it.

Further, an email sender wishing to withhold marketing emails from Washington residents could not reliably do so without ceasing to send all marketing emails because, if relying on IP addresses for location data, the sender will only learn the recipient's IP address *after* the email has been sent and the violation has arguably occurred. A significant "chilling" effect on commerce thus remains given that Defendant cannot know the recipient's location until after the fact. This has the outsized effect of regulating commerce outside the state between individuals who are not even Washington residents.

Plaintiff tellingly and accidentally admits the jurisdictional issue by oscillating between referencing Washington residency and the location of the email recipient when the email is opened. *See* Compl. ¶¶ 89-98. Plaintiff implicitly admits the email recipient's physical location *does* matter, rather than simply their status as a Washington resident. *See id.* This makes sense and is consistent with any reasonable application of CEMA that could be consistent with the Dormant Commerce Clause.

Lastly, the burden involved in verifying on a state-by-state basis not only the physical location but also the residency of any given email recipient clearly runs afoul of *Pike*. 397 U.S.

DEFENDANT'S MOTION TO DISMISS OR, IN THE
ALTERNATIVE, STRIKE CERTAIN ALLEGATIONS OF
PLAINTIFF'S COMPLAINT - 12
1608412838.1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

at 137. Under the *Pike* balancing analysis, "[s]tate laws that regulate even-handedly to effectuate a legitimate local public interest . . . will be upheld unless the burden imposed on such commerce is clearly excessive in relation to the putative local benefits." *See Flynt*, 131 F.4th at 925 (internal quotations and citations omitted). Here, as discussed above, the burden involved in applying CEMA to Washington residents regardless of their physical location is clearly excessive in relation to the putative local benefits. There is virtually **no** "local benefit" in ensuring a Washington resident enjoys the protections of CEMA while they travel abroad.

Thus, in view of the above, any construction of CEMA that is compliant with the Dormant Commerce Clause must limit application to Washington residents only while they are in Washington.

### C. Given application of the Dormant Commerce Clause, individual inquiries predominate and no commonality exists.

Given that the Dormant Commerce Clause requires that CEMA only apply, if it is valid at all, to Washington residents while they are within the borders of Washington, individual inquiries predominate and no commonality exists. Thus, Plaintiff's class allegations must be struck.

To establish commonality, "members of the class must assert a common contention 'that must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve any issue … central to the validity of each … claim ….'" *Cashatt v. Ford Motor Co.*, No. 3:19-cv-05886-JLR, 2021 WL 1140227, at *2 (W.D. Wash. Mar. 24, 2021) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)). The cornerstone of commonality "is not the raising of common questions . . . but rather the capacity of a class-wide proceeding to generate common *answers* …." *Dukes*, 564 U.S. at 350 (cleaned up) (emphasis in original).

In this case, to determine whether commonality exists, the Court must examine at least two issues for **every** email alleged to be false or misleading: (1) whether the email-recipient is

DEFENDANT'S MOTION TO DISMISS OR, IN THE
ALTERNATIVE, STRIKE CERTAIN ALLEGATIONS OF
PLAINTIFF'S COMPLAINT - 13
1608412838.1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

a Washington resident; and (2) even if the email-recipient is a Washington resident, where that email-recipient was when they received *each at-issue email*. Such inquiries are demanded if CEMA is construed properly, and Plaintiff cannot avoid these inquiries by relying solely on an email-recipient's stated residency.

Given the lack of commonality and necessity of individual inquiries, the class allegations must be struck. "[C]ourts have struck class allegations at the pleading stage where an element to the plaintiff's claims inherently involves individualized inquiries." *Cashatt*, 2021 WL 1140227, at *2; *see also Brown v. Google, LLC*, No. 20-CV-3664-YGR, 2022 WL 17961497, at *19 (N.D. Cal. Dec. 12, 2022) (denying plaintiff's motion to certify a damages class and finding that "inquiry into implied consent … creates individualized issues that … are likely to predominate over any common issues"). Here, the facts regarding each email recipient's residency *and* location, and the facts available to Elemis about each email recipient's residency when Elemis transmitted the at-issue emails, will differ for each class member and thus will necessarily not generate common answers. Instead, individual investigations will be required for each class member requiring extensive information to pinpoint exactly where they were and what could be gleaned about their residency when Elemis sent each email. *See Barton v. Delfgauw*, No. 3:21-CV-05610-JRC, 2023 WL 1818134, at *5 (W.D. Wash. Feb. 7, 2023). And critically, this individualized inquiry is required for *every* email that *every* class member received, in addition to evaluating whether each email in question even violates the substantive provisions of CEMA. *See Rosenberg v. CCS Com., LLC*, No. C17-476 MJP, 2018 WL 3105988, at *5 (W.D. Wash. June 25, 2018) (finding that plaintiff failed to establish commonality where the varying scenarios surrounding whether an "individual member was deceived c[ould] not be reduced to a common question of fact" and required "case-by-case analyses incompatible with a class action mechanism.").

Thus, for any given class member, this Court will have to determine specifically where the class member resided, where they were physically present when they received the email,

DEFENDANT'S MOTION TO DISMISS OR, IN THE
ALTERNATIVE, STRIKE CERTAIN ALLEGATIONS OF
PLAINTIFF'S COMPLAINT - 14
1608412838.1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

*and* what Elemis knew or should have known about that class member's residency on each occasion an email was sent over the course of an alleged four year class period. Unless a class member is able to confirm they never left the state during the entirety of the class period or that Elemis had constant access to information about the class member's location, a specialized inquiry is required to determine each time the class member left the state and whether it coincided with receipt of the alleged infringing email, as well as what information was available to Elemis at that point in time. Indeed, even with perfect record keeping of one's travels, a class member who allegedly received an email from Defendant on the same day they returned to Washington from outside the state would have to recall what specific time of day they returned (either before or after the email was received).

Plaintiff's Complaint fails to assert any allegation or showing of how Plaintiff proposes to overcome these intensely individualized inquiries. As such, the class allegations must be struck.

### D. Even if the Dormant Commerce Clause does not apply, individual inquiries still predominate.

In the alternative, even if the Dormant Commerce Clause does not apply to CEMA to limit its application to Washington residents only while they are in Washington, individual inquiries still predominate that are incompatible with commonality. Specifically, the plain language of CEMA still requires that Plaintiff prove Elemis knew or should have known the recipient was a Washington resident when the email in question was transmitted. Thus, even under this view of CEMA, individualized inquiries are required for *every* allegedly false or misleading email to ascertain: (1) whether the email was, in fact, false or misleading; (2) whether the email recipient was a Washington resident when the email was sent; and (3) whether, at the time it sent each at-issue email, Elemis knew or should have known that each recipient was a Washington resident. Each of these inquiries is required for *every* class member as to *every* at-issue email. Plaintiff's Complaint identifies no method by which to ascertain this

DEFENDANT'S MOTION TO DISMISS OR, IN THE
ALTERNATIVE, STRIKE CERTAIN ALLEGATIONS OF
PLAINTIFF'S COMPLAINT - 15
1608412838.1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

information, much less how common questions and common answers will predominate.

### E. Exhibit A to Plaintiff's Complaint must be struck in part.

Finally, Exhibit A to Plaintiff's Complaint must be struck in part (in addition to all class allegations relying on the same) because Plaintiff does not have standing to assert claims as to emails that she did not receive. As the U.S. Supreme Court has explained: "It is not enough that the conduct of which the plaintiff complains will injure *someone*. ... Nor does a plaintiff who has been subject to injurious conduct of one kind possess by virtue of that injury the necessary stake in litigating conduct of another kind, although similar, to which he has not been subject." *Blum v. Yaretsky*, 457 U.S. 991, 999 (1982); *see also Denton v. Department Stores Nat'l Bank*, No. 10-5830, 2011 WL 3298890, at *2 (W.D. Wash. Aug. 1, 2011) (holding that putative class action plaintiff's standing was limited to "allegations that the disclosures *she* received were belated and otherwise deficient" and dismissing her claims relating to similar alleged conduct directed to other putative class members) (emphasis added); *In re Wells Fargo Mortg.-Backed Certificates Litig.*, 712 F. Supp. 2d 958, 965 (N.D. Cal. 2010) (holding that named plaintiffs, who had standing to sue based on misstatements or omissions in securities offerings through which they actually purchased securities, did not have standing to sue based on similar allegations relating to offerings through which they did not purchase securities); *Shurkin v. Golden State Vintners, Inc.*, 471 F. Supp. 2d 998, 1023-24 (N.D. Cal. 2006) (plaintiff stock-purchaser only had standing to pursue claims based on alleged misrepresentations that preceded his purchase, and lacked standing to pursue claims based on defendants' subsequent alleged misrepresentations). Here, Plaintiff concedes she herself received only three specific emails included in Exhibit A. Compl. ¶ 100. Accordingly, Plaintiff lacks standing to assert claims based on any emails she did not receive and Exhibit A must be struck except for the three emails Plaintiff alleges that she received in Paragraph 100 of the Complaint.

### V.   CONCLUSION

In light of the foregoing, Defendant respectfully requests that the Motion to Dismiss be

DEFENDANT'S MOTION TO DISMISS OR, IN THE
ALTERNATIVE, STRIKE CERTAIN ALLEGATIONS OF
PLAINTIFF'S COMPLAINT - 16
1608412838.1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

granted in full without leave to amend or, in the alternative, that the Motion to Strike be granted in full without leave to amend.

By: *s/ Peter A. Talevich*

Peter A. Talevich, WSBA #42644
Abraham M. Weill, WSBA #58663
K&L GATES LLP
925 Fourth Ave., Suite 2900
Seattle, WA 98104-1158
Telephone:  (206) 623-7580
Email: peter.talevich@klgates.com
abe.weill@klgates.com

Ronie M. Schmelz, admitted *Pro Hac Vice*
Avril G. Love, admitted *Pro Hac Vice*
10100 Santa Monica Blvd., Eighth Floor
Los Angeles, CA 90067
Telephone: (310) 552-5000
Email: ronie.schmelz@klgates.com
avril.love@klgates.com

*Attorneys for Defendant Elemis USA, Inc.*

I certify this memorandum contains 5,235 words, in compliance with the Local Civil Rules.

DEFENDANT'S MOTION TO DISMISS OR, IN THE
ALTERNATIVE, STRIKE CERTAIN ALLEGATIONS OF
PLAINTIFF'S COMPLAINT - 17
1608412838.1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of March 2026, I caused Defendant's Motion to Dismiss, or in the alternative Strike Certain Allegations of Plaintiff's Complaint to be served to all parties by ECF.

SIGNED at Seattle, Washington this 27th day of March 2026.

s/ Peter A. Talevich
Peter A. Talevich

CERTIFICATE OF SERVICE OF
DEFENDANT'S MOTION TO DISMISS,
OR IN THE ALTERNATIVE STRIKE CERTAIN
ALLEGATIONS OF PLAINTIFF'S COMPLAINT - 1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1604818982.1