UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALEXIS WADE,<br><br>Plaintiff(s),<br>v.<br><br>ELEMIS USA, INC.,<br><br>Defendant(s). | CASE NO. C26-0515-KKE<br><br>ORDER REMANDING CASE FOR LACK OF STANDING |

## I. BACKGROUND

Plaintiff Alexis Wade filed this putative class action in King County Superior Court, complaining that Defendant Elemis USA, Inc., sent her and other Washington consumers marketing emails with false or deceptive subject lines, in violation of Washington's Commercial Electronic Mail Act ("CEMA") and Consumer Protection Act ("CPA"). *See* Dkt. No. 1-1. Elemis is a British skincare brand that markets cosmetics products in the United States. *Id.* ¶ 40, Dkt. No. 26-1 ¶ 3. Elemis sent Wade at least three emails, all on December 2, 2025, which Wade contends have false or misleading subject lines, in violation of CEMA. Dkt. No. 1-1 ¶¶ 99–100. Elemis's records indicate that Wade signed up to receive marketing emails from Elemis in August 2025, and there is no evidence that she has purchased anything from the Elemis website at any time. Dkt. No. 26-1 ¶ 10.

Elemis removed the action to this Court. Dkt. No. 1. Elemis subsequently filed a motion to dismiss for lack of personal jurisdiction or, in the alternative, to strike certain putative class allegations. Dkt. No. 26. The Court ordered the parties to submit supplemental briefing addressing recent case authority on the threshold matter of standing, to help it determine whether the Court has jurisdiction and/or whether a stay was appropriate pending Ninth Circuit input. Dkt. No. 35. In response, Wade filed a brief contending that she has adequately pleaded standing for Article III purposes, and that if the Court disagrees, it should remand rather than stay this action. Dkt. No. 36. Elemis filed a brief arguing that it had good-faith reasons to remove this case, and that personal jurisdiction (the lack thereof) is the critical issue to be resolved, rather than standing. Dkt. No. 37. Elemis ultimately deferred to the Court on whether the case should be stayed. *Id*. at 4.

Because Article III standing is a threshold issue, the Court will start there to determine the appropriate action. *Calif. Sea Urchin Comm'n v. Bean*, 239 F. Supp. 3d 1200, 1203 (C.D. Cal. 2017) ("Standing is a 'threshold question in every federal case.'" (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975))).

## II. ANALYSIS

### A. Legal Standards

"Under Article III, the Federal Judiciary is vested with the 'Power' to resolve not questions and issues but 'Cases' or 'Controversies.'" *Ariz. Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 132 (2011). "Among other things, that limitation requires a plaintiff to have standing." *Fed. Election Comm'n v. Cruz*, 596 U.S. 289, 295–96 (2022). To establish Article III standing, "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). For an injury to be "concrete," it "must actually exist"; it must be "real, and not abstract." *Spokeo,*

*Inc. v. Robins*, 578 U.S. 330, 340 (2016), *as revised* (May 24, 2016) (citation modified). For an injury to be particularized, "it must affect the plaintiff in a personal and individual way" such that the plaintiff "personally has suffered some actual or threatened injury." *Id.* (citation modified). "Only those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court." *TransUnion,* 594 U.S. at 427.

A party may remove a state court action to federal district court only if the action could have originally been filed in federal court. *Renteria-Hinojosa v. Sunsweet Growers, Inc.*, 150 F.4th 1076, 1091 (9th Cir. 2025); 28 U.S.C. § 1441(a). Federal question jurisdiction exists over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The burden of establishing removal jurisdiction, even in [Class Action Fairness Act of 2005] cases, lies with the defendant seeking removal." *Washington v. Chimei Innolux Corp.*, 659 F.3d 842, 847 (9th Cir. 2011). The court must reject jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). If the district court determines, after removal, that it lacks subject matter jurisdiction, it must remand the case back to state court. 28 U.S.C. § 1447(c). If the plaintiff in a removed case lacks Article III standing, the court must remand the action for lack of subject matter jurisdiction, rather than dismiss it. *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016).

**B. Wade's Complaint Fails to Allege That She Suffered a Concrete Harm.**

A court in the Eastern District of Washington has found that a plaintiff in a CEMA/CPA action similar to Wade's lacked Article III standing because her complaint failed to allege a concrete harm to satisfy the injury-in-fact requirement, and that order has been appealed to the Ninth Circuit. *See Montes v. Catalyst Brands LLC*, No. 2:25-CV-0281-TOR, 2025 WL 3485827, *2–3 (E.D. Wash. Dec. 4, 2025). Briefing in the appeal is ongoing. *See Montes v. Penney OpCo, LLC*, No. 26-241 (9th Cir. 2026).

In *Montes*, the court explained that it "fails to see how receiving an email with a misleading or false subject line harmed Plaintiff in a concrete manner that would rise to the level required for standing." 2025 WL 3485827, at *3. The *Montes* court stated that although the Western District of Washington previously found that "CEMA identifies a right to be free from deceptive commercial emails[,]" this holding was based on authority indicating that "people have the right to be free from unsolicited marketing messages to ensure the right to privacy and prevent nuisance." *Id.* (citing *Harbers v. Eddie Bauer, LLC*, 415 F. Supp. 3d 999, 1005 (W.D. Wash. 2019[1]); *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1042 (9th Cir. 2017)). But because the *Montes* plaintiff (unlike the *Harbers* plaintiff) had consented to receive emails from the defendant, the *Montes* court found no similar "invasion of privacy or any similar injury to constitute a concrete harm." *Id.*

In this case, Wade does not allege that the Elemis emails were unsolicited; Elemis has presented undisputed evidence that Wade affirmatively requested Elemis marketing emails. *See* Dkt. No. 26-1 ¶ 10. Moreover, Wade does not allege that she took any action (opening, reading, deleting, etc.) with respect to the emails or was otherwise aware of or harmed by their existence in her inbox. And unlike the *Harbers* plaintiff, Wade does not allege that the Elemis emails deceived her. *See* 415 F. Supp. 3d at 1010. In the absence of such allegations indicating that Wade suffered a concrete injury, Wade's complaint has alleged a merely "technical or procedural violation that by itself does not manifest concrete injury[.]" *Atkinson v. Penney OpCo LLC*, No. 23-cv-1806-BJR, 2024 WL 3579910, at *2 (W.D. Wash. July 30, 2024). Because "Article III standing requires a concrete injury even in the context of a statutory violation[,]" the Court finds that merely alleging a CEMA violation is insufficient to allege a concrete injury to Wade. *Spokeo*, 578 U.S. at 341.

---

[1] *Harbers* was decided prior to the Supreme Court's *TransUnion* decision discussed earlier in this order, which limits *Harbers*' authority here.

Even if Wade has adequately pleaded a CEMA claim, her suit cannot proceed in federal court without an Article III injury. *See id.* ("[A] plaintiff [does not] automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.").

Recently, courts in this district and others considering similar claims have concluded that plaintiffs in similar actions have failed to allege an injury in fact sufficient to satisfy Article III. *See, e.g.*, Order, *Ma v. Nike, Inc.*, No. C25-1235JLR (W.D. Wash. Aug. 14, 2026), ECF No. 37; *Hutton v. Papa John's, Inc.*, No. C22-1922-KKE, 2026 WL 2210133 (W.D. Wash. July 31, 2026); *Carter v. Vineyard Vines, LLC*, No. ELH-25-3178, 2026 WL 1429258, at *23 (D. Md. May 21, 2026) (remanding a case brought under Maryland analogues to CEMA and the CPA, finding no concrete injury); *Nuri v. True Religion Apparel*, No. 2:25-cv-00690-LK, 2026 WL 864886 (W.D. Wash. Mar. 30, 2026). Other courts have, however, disagreed. *See, e.g.*, *Liss v. Skechers USA Inc.*, No. 3:25-cv-05861-DGE, 2026 WL 1392327, at *2–3 (W.D. Wash. May 19, 2026). In *Liss*, the court reasoned that because plaintiffs failed to allege that they consented to receive emails from the defendant, plaintiffs thereby objected to the "annoyance and harassment" caused by misleading unsolicited emails, which is similar to an invasion of privacy that constitutes a concrete harm. *Id.*

Here, although Wade's complaint does not acknowledge that she consented to receive emails from Elemis, she does not dispute Elemis's evidence of that consent. *See* Dkt. No. 26-1 ¶ 10. Moreover, because Wade does not claim to have opened or read the Elemis emails, the complaint does not plausibly suggest that *she* was annoyed or felt harassed by them, even though the operative complaint characterizes the emails as "spam" and "harassment." Dkt. No. 1-1 ¶¶ 4, 7, 99. Because Wade's complaint does not include allegations identifying any real or appreciable harm that she suffered as a result of Elemis sending her emails that she signed up to receive, the Court finds that she has failed to state a sufficient injury in fact to satisfy Article III.

Because the Court can reach this conclusion based on its review of Wade's complaint and the remainder of the record before it, the Court need not await further rulings from the Ninth Circuit.

## III. CONCLUSION

As Wade failed to allege an injury in fact to satisfy Article III, the Court lacks subject matter jurisdiction and must REMAND this action to King County Superior Court. The pending motion to dismiss (Dkt. No. 26) is terminated.

Dated this 25th day of August, 2026.



Kymberly K. Evanson
United States District Judge